MATTHEW W. DAVIS *v.* LEONARD H. DAVIS *et al.*

1. WILL. *Devisavit vel non. Legatee and administrator. Competency.* Upon an issue of *devisavit vel non*, a legatee, or a legatee who is the administrator of the testator, is a competent witness.

2. SAME. *Execution of. Realty. Personalty. Intent.* A will not sufficiently attested to pass realty, may be established as to personalty, and this though the maker intended it to operate as to both; and whether the maker intended the execution of the will to be complete, is to be gathered from the facts and circumstances.

3. EVIDENCE. *Reversal when competent rejected.* When it clearly appears that competent and relevant testimony, rejected by the court below, could not have changed the result if it had been admitted, a reversal will be refused; but the application of the rule involves a grave responsibility, and it will not be applied unless it clearly appear the evidence rejected can be of no avail.

FROM CLAY.

Appeal in error from the Circuit Court of Clay county.    N. W. McCONNELL, J.

J. D. GOODPASTURE for plaintiff.

J. J. VERTREES for defendant.

E. H. EWING, Sp. J., delivered the opinion of the court.

The controversy in this case is over the will of Nancy Stone, deceased, late of Clay county, upon an issue of *devisavit vel non*. The supposed will of Nancy Stone was offered for probate by her administrator, the plaintiff above, and opposed by a portion of her heirs. The issue was tried in the circuit court of Clay county,

before his Honor N. W. McConnell and a jury, on the 3d of June, 1878. There was a verdict in favor of the defendants, and judgment thereupon, that the paper writing offered was not the will of Nancy Stone. A motion for a new trial was made and refused, and thereupon a bill of exceptions by plaintiff and an appeal to this court. The plaintiff here assigns for error three causes, viz.:

1st. That the court refused to hear as a witness the plaintiff, who was a legatee under the paper propounded as a will, and who was also administrator of said Nancy's estate, no executor having been appointed by said paper.

2d. That the court refused to hear W. L. Hall as a witness for plaintiff, on the ground that he was a legatee under said will.

3d. That the court erred in its charge.

It is admitted here that the two first grounds assigned as error are correctly taken, and, indeed, the law is now well settled by several decisions of this court, unnecessary to be referred to, that the judge erred in the exclusion of these witnesses. The error in the charge of the judge is not insisted upon, and need not be considered.

Admitting the error of the circuit judge, the defendants, however, say the judgment of the court below ought not to be disturbed, nor a new trial granted, because it can in no event be of any avail to the plaintiff.

It requires the assumption of considerable responsibility upon the part of this court to say, where com-

Davis *v.* Davis.

petent legal testimony, seeming to bear upon the issue, has been excluded from the jury, that it could, in no aspect of the case, have had any proper effect. *Prima facie* in this case the testimony should have been admitted. There are cases, however, in which the rule insisted upon is applied, and we must look to see whether it is proper to apply it in this instance. The laboring oar is with the defendants.

The supposed will, they say, having but one witness, and not being good as a holograph will, cannot pass real estate, which it undertakes to do; that it was intended by the testatrix to have two witnesses, and that the paper was therefore incomplete, and cannot pass on this account even personal estate; that if there had been no evidence that the testatrix intended to have two witnesses to her will, that yet, as it undertakes to dispose of her whole estate, and as certainly part of this was real estate, the paper cannot stand as a will of either realty or personalty, because it is manifest from its various dispositions that she could not have intended that her persolalty should pass under her will and her realty not. It is further said that the paper does not show that she had any personal property.

The will, it is true, is only attested by one witness, but is signed by Mrs. Stone, and otherwise complete; and by inspection of its contents, it will be seen that she assumes to be the owner of personal estate. She speaks of moneys that she may have at her death and that may come into the hands of her executor; and, in a residuary clause, she speaks of

35—VOL. 6.

Davis v. Davis.

the residue of her property, both real and personal. There is no proof in the record to show that she did not have personal property, nor is there any presumption of law to show that she did not.

The only evidence in the record that the testatrix regarded the will or paper as incomplete, is that the subscribing witness proves that "Nancy Stone spoke of getting Hammock Burns to witness the will; it was spoken of, but she does not know why he did not witness it; he was not present, and if he was sent for she don't know it; but after it was written she said that Matthew Davis and witness could or would set it up." No further effort was made to get another witness, though the testatrix lived for some six weeks after. The inference to be drawn from this, it may be, is that she regarded it as complete, but had perhaps heard that it was usual to have two witnesses, and therefore spoke of having another. There is no analogy between this case and that of *Crutcher* v. *Crutcher*, 11 Hum., 384. In the case of *Guthrie* v. *Owen*, 2 Hum., 217, the case of an *unexecuted* will, neither signed nor witnessed, and manifestly intended to be both signed and witnessed, it was held that the personal estate passed. It is true that in that case these formalities were prevented by a sudden onset of disease, of which the testator died. In this case the second witness was not called on, it may be, because the testatrix was satisfied that her will would do without it. Upon this, as a fact, we express no opinion.

The point pressed, however, by the defendants in

this case with the most earnestness, is, that it is manifest from the paper itself that the testatrix did not intend that it should operate, unless it could operate as to the realty as well as to the personalty; that the interests of her beneficiaries are so blended and intermixed (differing in this particular from the case of *Guthrie* v. *Owen*) that the testatrix would have been shocked at the idea that her will could operate only as to personalty; and that, in this view, no jury could ever be found that would hold it to be her will. The case of *Devecman* v. *Devecman*, in 43 Maryland, 335, is cited in support of this view. We can well suppose a case where the consequences of supporting a will, good as to personalty but inoperative as to realty, might be somewhat startling—as, if a father with two children should give one-half of his estate to one child, consisting of money, and the other half to the other child, consisting of land, with only one witness to the will. But that is not the case before us, nor is there any blending or confusion. The first bequest of Mrs. Stone is to one of her relatives for services rendered in attention to her and her business. Now, was not this a bequest that she would have take effect whatever might come of the other bequests? Can we refuse a jury the right to look upon it in this aspect? The second bequest is to all of her legal heirs equally. Looking at the matter from her standpoint, and supposing her to look at the probability of the failure of her will as to her real estate, would she not have wished that her personalty at least should go to carry out this bequest? The

residuary clause, giving one-half of the residue to her own heirs and one-half to the heirs of her deceased husband, if nothing but realty remained, would fail in equal proportions as to her own heirs, and would fail also as to the heirs of her husband, who were strangers to her blood and mere volunteers. If any personalty remained, her heirs would get one-half and the heirs of her husband the other half. The direction as to sale of one-half of a certain tract of land to Halsell, who owned the other half, has nothing to do with the question under consideration, one way or the other.

Under such a will or paper writing, this court is asked to say, as matter of law, that it would be improper to submit to a jury the question whether it should be established as a will of personalty or not. This, we think, would be stretching, beyond its legitimate bounds, that discretion sometimes exercised by this court where errors have been committed by the inferior court, but where it can be clearly seen that it would be of no avail to the complaining party to send the cause back for another trial.

Let the judgment of the circuit court be reversed, and the cause be remanded for another trial.